UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8220 FMO (MARx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | Allen Kovac, et al. v. Transamerica Financial Life Insurance Company, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On December 14, 2022, plaintiffs Allen Kovac and Checkmate Entertainment Pension Plan ("plaintiffs") filed a First Amended Complaint, adding Heritage Group Administrative Services, LLC ("Heritage") as a defendant. (See Dkt. 16, FAC at ¶ 17). Subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] (See id. at ¶ 22). The FAC alleges that Heritage is "a New York limited liability company [that] is and was at all relevant times doing business in . . . California." (Id. at ¶ 17).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown.

Plaintiffs have failed to adequately set forth Heritage's citizenship, and thus the court cannot determine whether it has subject matter jurisdiction. Accordingly, IT IS ORDERED that no later

---

[1] Erroneously asserted as "Venue." (See Dkt. 16, FAC at ¶ 22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-8220 FMO (MARx)** | Date | **January 26, 2023** |
|---|---|---|---|
| Title | **Allen Kovac, et al. v. Transamerica Financial Life Insurance Company, et al.** | | |

than **February 2, 2023**, plaintiffs shall show cause in writing why this case should not be remanded for lack of subject matter jurisdiction. Defendants, who removed this action, shall submit a response as well. The parties' responses shall be supported by a declaration as necessary. **Failure to submit a response by the deadline set forth above may be deemed as consent to remand of the action**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |